A. B. SEARING *et al.*

*v.*

THOMAS HEAVYSIDES *et al.*

*Filed at Springfield March 29, 1883.*

TAXES—*when enjoined in equity.* Where an assessor assesses personal property against one who was not the owner of the same on the 1st day of May, in the year for which the assessment is made, and who had no possession or control over the same at that time, and had no interest therein, the taxes levied on such assessment will be without warrant of law; and if the town board of review and county board refuse to give relief on application and proof, a court of equity will restrain the collection of such tax.

APPEAL from the Circuit Court of Ford county; the Hon. OWEN T. REEVES, Judge, presiding.

This was a bill in chancery to enjoin the collection of a tax alleged to have been assessed against the complainants upon personal property owned by another person.

The bill alleges that complainants reside in Livingston county, in this State; that the assessor for the township of Mona, in Ford county, Illinois, for the year 1880, on June 26, 1880, assessed complainants, in Mona township, $3300 on "all kinds of grain," as belonging to and owned by complainants in that township; that on May 1, 1880, or at the date of said assessment, complainants did not own, possess or control in Mona township to exceed 3000 bushels of grain of all kinds; that the assessor, fraudulently and illegally, without the knowledge of complainants, assessed to them 20,000 bushels of corn in cribs in said township of Mona,

numbered 1, 2 and 3; that said corn, so assessed to them, was not their property, nor in their possession, nor under their control, on May 1, 1880, or June 26, 1880,—the time of said assessment,—but that on February 9, 1880, the same had been sold and delivered to J. & E. Buckingham, of which sale and delivery the assessor, prior to said assessment, was notified; that the assessor also added a penalty of fifty per cent to said 20,000 bushels of corn, which, with the 3000 bushels complainants did then own, made 33,000 bushels of grain which the assessor assessed to the complainants, as named above; that orators, having learned of the assessment, went before the town board of Mona township, on the fourth Monday of June, 1880, and made proof of the facts stated, but the board refused to correct the assessment; that at the July session, 1880, of the board of supervisors of Ford county, they made proof of said facts, and that board passed an order that said penalty should be subtracted from the assessment, but refused to take any other action; that taxes were extended against complainants on such assessment, of $3300, less $550 of a deduction, which was supposed to represent said added penalty, but that such deduction did not, in fact, represent said penalty, which was about $1000; that the tax against complainants on the whole of said property is $75, but on the portion of it exclusive of the said 20,000 bushels of corn, only $23,—which last sum complainants have paid to the tax collector; that said collector has in his hands the tax books, with the tax warrant for the taxes of 1880, and insists upon the payment by complainants of all of said tax so assessed against them, and threatens to levy on and sell complainants' property to make all the residue of said tax unpaid. The bill prays for an injunction against the collector to restrain the collection of the residue of said tax.

The circuit court sustained a demurrer to the bill, and dismissed the same for want of equity, and the complainants appeal.

Mr. A. SAMPLE, for the appellants:

The abstract presents the facts, which raise the legal question whether A can, by injunction, restrain the collection of a tax fraudulently assessed to him on property which actually belonged to B.   It will be observed that the property on which such fraudulent assessment was made did not belong to, and had not been in the custody or control of, complainants from February 9, 1880.   Our court seems to have settled the question in the case of *Irvin* v. *New Orleans, St. Louis and Chicago R. R. Co.* 94 Ill. 105.   See, also, *Union Trust Co.* v. *Weber,* 96 Ill. 346.

In the case at bar, then, the tax was assessed and levied without authority of law, and in such cases an injunction will always lie.   *Town of Lemont* v. *Singer & Talcott Stone Co.* 98 Ill. 94; *Kimball* v. *Merchants' Savings, Loan and Trust Co.* 89 id. 611; *Chicago, Burlington and Quincy R. R. Co.* v. *Cole,* 75 id. 591; *Gage* v. *Evans,* 90 id. 569.


Mr. F. L. COOK, for the appellees:

The Revenue law affords an ample remedy, and appellants having sought the forum provided, are concluded by its decision.   *Belleville Nail Co.* v. *The People ex rel.* 98 Ill. 399; *City of Peoria* v. *Kidder,* 26 id. 357; *Adsit* v. *Lieb et al.* 76 id. 198; *Evans* v. *Gage et al.* 1 Bradw. 202.

Appellants appeared before the town board of review, who refused to change the assessment.   They then went before the board of supervisors, at their July session, 1880, who, as provided by law, reviewed the assessment and corrected the same.   While it may be true that they were not obliged to make these applications for relief, I submit that having done so they are bound to abide the result.   The question then becomes *res judicata,* and can not be reviewed by this proceeding.   The tax is personal, and if illegal the remedy at law is complete.

In no event will an injunction lie unless it is clearly made to appear that the party has been wrongfully assessed, and will sustain irreparable injury unless the collection of the tax be enjoined. *Porter et al.* v. *Rockford, Rock Island and St. Louis R. R. Co.* 76 Ill. 561.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

By the showing of the bill the property which was the subject of taxation in this case at the time it was assessed, or liable to assessment, was not the property of the complainants, but was the property of J. & E. Buckingham, the complainants having no interest whatever in the same, and it not being in their possession or under their control. There was, then, no authority of law, as appears by the bill, for assessing a tax upon this property against the complainants. They were liable to taxation only on their own property, and not for the property of another person.

But although the tax be illegally assessed, it is insisted by appellees that there is no ground of equitable jurisdiction for enjoining the collection of the tax; that the remedy at law is adequate; that if payment should be made of the tax the amount might be recovered back; that if proceedings should be taken to enforce collection of the tax by distress and sale, it would be but the case of an ordinary trespass, to prevent the commission of which a court of equity will not interfere, and for which, if committed, there would be full redress at law. The general rule upon the subject is as insisted by appellees; but under the decisions of this court there are certain well recognized exceptions to that rule where a court of equity will take jurisdiction to afford relief against the collection of taxes, one of which is, when a tax has been imposed where the law has not authorized it to be levied. *Chicago, Burlington and Quincy R. R. Co.* v. *Frary,* 22 Ill. 36; *Drake* v. *Phillips,* 40 id. 388; *Vieley* v. *Thompson,* 44 id. 9; *Kim-*

*ball* v. *Merchants' Savings, Loan and Trust Co.* 89 id. 611; *Lemont* v. *Singer & Talcott Stone Co.* 98 id. 94.

The tax in question is one levied against the complainants without warrant of law, and so comes within that class of cases in which we have admitted the jurisdiction of a court of equity to restrain the collection of a tax. *Irvin* v. *New Orleans, St. Louis and Chicago R. R. Co.* 94 Ill. 105.

Being of opinion that the demurrer was improperly sustained to the bill, the decree will be reversed and the cause remanded.

*Decree reversed.*

Mr. JUSTICE WALKER: I am unable to hold that equity has power or jurisdiction to review the decision of the boards of review, which heard evidence, and held the property was properly assessed. I hold that remedy having been given by statute, it is conclusive when employed.