COMMISSIONERS OF BIG LAKE SPECIAL DRAINAGE DIST.
*v.*
COMMISSIONERS OF HIGHWAYS OF SAND RIDGE.

*Opinion filed October 25, 1902.*

1. TAXES—*defenses in suit for drainage assessment the same as in a suit for taxes.* An action of debt to recover general taxes is subject to all such defenses as are allowable and proper on an application by the collector for judgment of sale, and in this respect a special assessment for a drainage improvement is the same as any other tax authorized by law.

2. SAME—*highway commissioners should defend suit to recover drainage assessment against road.* Highway commissioners, while not the owners of a road, are the proper parties to resist the collection of a drainage assessment against any road under their control, as well as against a road alleged to be under their control which is not, in fact, a public road.

3. SAME—*drainage assessment against a non-existent road is without authority of law.* It is proper, in an action of debt to recover a special assessment against an alleged highway for drainage improvement, to show, in defense, that there is no such public highway.

4. SAME—*when highway commissioners are not estopped to show non-existence of highway.* Failure of highway commissioners to appear and raise the question of the non-existence of an alleged highway at a meeting of drainage commissioners to consider the classification of the alleged road, or to appeal to the supervisors from the order of the commissioners, does not estop them, when sued for the drainage assessment, to controvert the plaintiffs' evidence of the establishment of the road or to show such road had been vacated.

5. SAME—*when defense by commissioners to suit for drainage assessment is improper.* Where plaintiffs in a suit to recover a drainage assessment against an alleged highway offer evidence tending to show the establishment of the road by statutory proceedings, it is improper to permit the defendants to obscure the issue by testifying that no road existed by dedication or prescription, and obtaining instructions upon that theory.

6. EVIDENCE—*what improper upon the question of existence of a road.* Where the question to be determined by the jury is the existence or non-existence of a public road, witnesses should not be permitted to answer the direct question whether there is or was a public road in that location.

WRIT OF ERROR to the Circuit Court of Jackson county; the Hon. JOSEPH P. ROBARTS, Judge, presiding.

R. J. STEPHENS, for plaintiffs in error.

R. J. McELVAIN, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action of debt, brought in the circuit court of Jackson county by the plaintiffs in error, the commissioners of the Big Lake Special Drainage District, of Jackson county, against the defendants in error, the commissioners of highways of the town of Sand Ridge, in said county, for the recovery of judgment for the amount of certain assessments made against a certain alleged public road in that town and included in the drainage district, on account of the benefits of drainage to the road, and also for the recovery of the proportional part of certain annual assessments for interest, ordinary and contingent expenses, expenses of keeping the work in repair, etc. The plea was *nil debet*, and on a trial before a jury a verdict was rendered in favor of the defendants. A writ of error has been sued out of this court to reverse the judgment.

The principal point in controversy was whether there was or not any such public road as alleged, at the times the drainage assessments were made upon it. It is urged by the plaintiffs in error that it was error in the circuit court to permit the introduction of any evidence on this question, because, as they contend, the defendants in error were estopped to deny the existence of a road by their action in appearing and failing to raise the question at a meeting of the drainage commissioners to consider and discuss the classification of the road in controversy, and that the only way to test the order of the drainage commissioners then made was by appeal to three supervisors, under the provisions of the statute. We have held that in an action of debt in the circuit court to recover the general taxes, the declaration must allege the ownership of the property on the first day of April of the

year for which the tax was assessed, and that such ownership must be proved. (*People* v. *Winkelman*, 95 Ill. 412; *Biggins* v. *People*, 96 id. 381; *Ottawa Gas Light Co.* v. *People*, 138 id. 336.) Such actions are subject to all such defenses as are allowable and proper in an application by the collector for judgment for delinquent taxes in the county court. In this respect there is no difference between these special assessments and any other tax authorized by law. (*People* v. *Givens*, 123 Ill. 352; *Kirchman* v. *People*, 159 id. 265.) On an application for judgment against lands for delinquent taxes a defense may be made that a tax is unauthorized by law, or is assessed upon property not subject to taxation, or that the property has been fraudulently assessed at too high a rate. (*Keokuk and Hamilton Bridge Co.* v. *People*, 161 Ill. 132, and cases cited.) A tax against a person on property not owned by him is assessed without warrant of law, and such a tax was enjoined in *Searing* v. *Heavysides*, 106 Ill. 85, although complainant in that case had ineffectually appealed in turn to the town and county boards of review for correction.

The highway commissioners have charge of the public roads and bridges of their respective towns, and they are required to exercise such care and superintendence over them as the public good may require, as provided by the statute. While they do not own the highways, they are the agents of the public to look after its interests in them, and are authorized by law, within certain limits, to fix the rate of the tax levy necessary for their maintenance, etc. It is therefore their duty to resist the collection of an illegal tax assessed on any highway under their control, as well as a tax assessed on a highway alleged to be under their control, but which, as a matter of fact, is not a highway at all. A tax on an alleged but non-existent highway is assessed without warrant of law, and it is a proper defense to an action to collect the tax to show that there is no such public highway. It was incumbent on plaintiffs in error to offer proof of

the existence of the road to support the action under the allegations of the declaration. Having offered their evidence tending to prove the establishing of the road under the statute, it was competent for defendants in error to controvert such evidence, or to prove, if they were able, that such road had been vacated or abandoned. We are of the opinion that the highway commissioners were not estopped from presenting any of these defenses; that the evidence was properly admitted, and that the modification of the first instruction asked by plaintiffs in error, submitting this question to the jury, was proper.

But the plaintiffs did not undertake to prove a highway by dedication or prescription, and we are of the opinion that it tended to mislead the jury to allow the defendants to make the defense, by testimony and by instructions asked and given, that no highway had been established there by dedication or prescription. Every instruction given to the jury on behalf of the defendants contained this vice, and the questions whether the alleged highway had been established by statutory proceedings, as the plaintiffs had attempted to prove, and if so, whether it had been abandoned or not, seem to have been to a great degree lost sight of,—and this was the principal, if not the only proper, defense. The course pursued by the defendants, against the objections of the plaintiffs, was well calculated to obscure the real issue and to mislead the jury. Again, over the objection of the plaintiffs, the court permitted the defendants' witnesses to answer this question: "I will ask you if there is or was a public road  *  *  *  there?"—referring to the location of the alleged road. The question was answered by some of them in the negative. This was substantially the question the jury had to determine from the evidence, and it was not the province of the witnesses to express to the jury their opinions on that question.

It is also contended that the plaintiffs' case was prejudiced in the minds of the jury by improper remarks made

during the trial by the presiding judge, but as the judgment must be reversed on other grounds and remanded for another trial, upon which it must be assumed that no such remarks will be made, we deem it unnecessary to pass on this assignment of error.

The judgment will be reversed and the cause remanded.                      *Reversed and remanded.*