John N. FLOOD, M.D., Plaintiff-Appellant,

v.

John MARGIS, Jr., et al., Defendants-Appellees.

No. 71-1238.

United States Court of Appeals, Seventh Circuit.

Argued April 11, 1972.

Decided May 23, 1972.

John N. Flood, M.D., for plaintiff-appellant.

Dennis J. Flynn, Corp. Counsel, County of Racine, Racine, Wis., John E. Feldbruegge, Milwaukee, Wis., Rex Capwell, David J. Nolden, Racine, Wis., for defendants-appellees.

Before DUFFY, HAMLEY,* and KILEY, Circuit Judges.

HAMLEY, Circuit Judge.

John N. Flood, presently a citizen of California, operated a mobile home and park business in the Town of Caledonia, Racine County, Wisconsin, a municipal corporation (Caledonia), from 1948 until 1966. Beginning in 1953, Flood operated this business pursuant to a license issued by Caledonia. In 1964, however, Caledonia officials refused to renew the license. In 1967, proceeding in propria persona, Flood filed his original complaints in two damage actions involving

---

* The Honorable Frederick G. Hamley, United States Circuit Judge of the Ninth Judicial Circuit, sitting by designation.

the refusal to issue a renewal license, and other grievances. One of these complaints named Caledonia as a defendant and the other named John Margis, Jr., a former town chairman of Caledonia, and others, as defendants.

As the result of a pretrial conference, the district court, characterizing the complaints as "an utter obfuscation of the issues," entered an order to the effect that Flood should endeavor to obtain competent legal counsel to assist him in preparing and filing new pleadings. Flood, however, filed personally-prepared amended complaints adding new individual defendants. The amended complaint consisted of one hundred and twenty-four numbered paragraphs divided under twenty-two counts.

The district court then dismissed the actions without prejudice, holding that Flood's claim for relief was not a short and plain statement as required by Rule 8(a), F.R.Civ.P., and the averments were not simple, concise and direct as required by Rule 8(e) (1), F.R.Civ.P. This court affirmed on November 3, 1969, in an unreported order.

Flood, still proceeding in propria persona, then filed another complaint, seeking damages in the sum of one million dollars, by reason of the grievances previously alleged, plus additional alleged grievances. In addition to Caledonia, Flood named as defendants Kenneth Hostak, Caledonia's attorney, Joseph Blessinger, Sheriff of Racine County, six present or former officials of Caledonia, and ten "Does."

All of the named defendants moved to dismiss the action and for increased security for costs. Some of the defendants moved that the action be abated pending the outcome of certain state court proceedings. The defendant sheriff also moved for a more definite statement. Plaintiff moved for summary judgment and to strike an allegedly defective affidavit of one of the defendants.

In a decision and order reported *sub nom.* Flood v. Margis et al., 322 F.Supp. 1086 (E.D.Wis.1971), the district court denied plaintiff's motion for summary judgment and dismissed the action with prejudice. The court did not rule on defendants' motion to abate the action pending the outcome of pending state court proceedings, or on their motion for increased security for costs. Flood appeals.

In the complaint upon which this appeal is based, Flood invokes district court jurisdiction under the Civil Rights Act (28 U.S.C. § 1343 and 42 U.S.C. §§ 1981, 1982, 1983 and 1985), federal question (28 U.S.C. § 1331), and diversity of citizenship (28 U.S.C. § 1332). The central theme of this pleading is the refusal of Caledonia's officials to renew Flood's license for the operation of his mobile home and park business. But the grievances adverted to in the pleading range over a broad spectrum of transactions going back as far as 1955.

Among these alleged grievances are the "invasion" of plaintiff's attorney-client relationship, the "misuse" of state courts to deprive plaintiff of his constitutional rights, the violation of an "oral gentlemen's agreement," a conspiracy to effect an unconstitutional arrest of plaintiff, unlawful interference with contracts benefiting plaintiff, the arbitrary raising of license fees without due process of law, the refusal to renew plaintiff's license in deprivation of due process of law, defendant sheriff's refusal to enforce the law, the action of the sheriff in selling plaintiff's park property without prior notice, and libel and slander.

Concerning all of these grievances except those relating to the alleged arbitrary raising of license fees without due process of law, and the alleged arbitrary refusal to renew plaintiff's license in deprivation of due process of law, we agree with the district court's determination, and for the reasons stated by the district court, that plaintiff failed to

state a claim upon which relief can be granted.[1]

██ The grievances pertaining to the raising of license fees and the refusal to renew Flood's license are, for the most part, stated in paragraphs 10, 11, 12, 15 and 16 of the complaint. They are dealt with in section VI of the district court's opinion. (322 F.Supp. 1086, at 1093–1094). The district court ruled that these paragraphs did not state a claim under the Civil Rights Act because the grievances related only to property rights. The district court also held that these paragraphs did not state a claim cognizable under federal question jurisdiction (28 U.S.C. § 1331) because the grievances pertain only to violations of state law with respect to hearings and postings and are therefore matters exclusively for the state courts.

The district court rendered its decision on January 15, 1971. On March 23, 1972, in Lynch v. Household Finance Corporation, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424, the Supreme Court held that property rights as well as personal liberties may be vindicated under the Civil Rights Act. It follows that the reason given by the district court for ruling that the paragraphs of the complaint now under discussion fail to state a claim under the Civil Rights Act, is no longer sound. With regard to paragraphs 10, 11, 12, 15 and 16 of the new complaint, the district court had jurisdiction under that Act.

██ With regard to federal question jurisdiction, Flood alleged that the raising of license fees, and the refusal to re-

new his license, was in violation of state law and deprived him of due process. The district court held that where the asserted deprivation of due process results from the alleged violation of a state law no federal question under the Fourteenth Amendment is involved. The court relied primarily upon Barney v. New York, 193 U.S. 430, 24 S.Ct. 502, 48 L.Ed. 737 (1904), although conceding that Barney had often been criticized, and upon East Coast Lumber Terminal v. Town of Babylon, 174 F.2d 106 (2d Cir. 1949). The reasoning of these cases is that the Fourteenth Amendment, with its Due Process Clause, is directed against state action, and if public officials proceed in violation of state law, this does not constitute state action, and the controversy must be dealt with in the state courts.

The Barney decision has been so distinguished and qualified that it is no longer authoritative. See United States v. Raines, 362 U.S. 17, 25–26, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960); Home Telephone and Telegraph Company v. City of Los Angeles, 227 U.S. 278, 294, 33 S.Ct. 312, 57 L.Ed. 510 (1912). The proper rule, as stated in Home, is as follows:

" . . . where a state officer, under an assertion of power from the state is doing an act which could only be done upon the predicate that there was such power, the inquiry as to the repugnancy of the act to the Fourteenth Amendment cannot be avoided by insisting that there is a want of power." (227 U.S., at 288, 33 S.Ct. at 315).[2]

---

1. The district court opinion fails to discuss substantive allegations contained in paragraphs 6, 14, 22 and 27 of the new complaint. We regard the substantive allegations of paragraphs 6, 22 and 27 as being too vague and conclusory to state a claim upon which relief can be granted. In our view paragraph 14 of the new complaint contains clear, particular and concise allegations bearing upon the failure of Caledonia to renew Flood's license, a claim also dealt with in paragraphs 15 and 16. Our holding, stated below, that paragraphs 15 and 16

state a claim should also embrace paragraph 14.

2. In Monroe v. Pape, 365 U.S. 167, 171–172, 81 S.Ct. 473, 476, 5 L.Ed.2d 492 (1961), the Supreme Court said:

"There can be no doubt at least since Ex parte Virginia, 100 U.S. 339, 346–347, [25 L.Ed. 676], that Congress has the power to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with

We conclude that paragraphs 10, 11, 12, 15 and 16 of the new complaint properly invoke federal question jurisdiction under 28 U.S.C. § 1331.[3]

The district court did not deal with the question of whether these paragraphs of the complaint are cognizable under the court's diversity jurisdiction. (28 U.S.C. § 1332). For present purposes we assume that they are.

■ Since Caledonia is a municipal corporation, it is not a "person" within the meaning of the Civil Rights Act. Monroe v. Pape, 365 U.S. 167, 187–192, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The action should accordingly be dismissed *in toto* against that defendant insofar as the Civil Rights Act jurisdiction is concerned. We do not now undertake to

their authority or misuse it. See Home Tel. & Tel. Co. v. Los Angeles, 227 U.S. 278, 287–296 [33 S.Ct. 312, 314, 318, 57 L.Ed. 510]."

say whether, insofar as federal question and diversity jurisdiction are concerned, the action should be dismissed against Caledonia, and we leave those questions to the district court on remand.

Paragraphs 10, 11, 12, 14, 15 and 16 of the complaint do not purport to state any claim against Caledonia's attorney, Kenneth Hostak, or Sheriff Joseph Blessinger. The action should therefore be dismissed outright as to them.

The order of dismissal is vacated and the cause is remanded for entry of an order in conformity with this opinion, and for further proceedings in the cause including determination of pending motions not yet disposed of by the district court.

3. See footnote 1, indicating that this ruling and the ruling concerning the application of the Civil Rights Act to these paragraphs also applies to paragraph 14.