Diane Marie HERNAS et al., Plaintiffs,

v.

CITY OF HICKORY HILLS et al., Defendants.

No. 80 C 2316.

United States District Court, N. D. Illinois, E. D.

Feb. 3, 1981.

Peter M. Katsaros, Robert K. Downs & Associates, Ltd., Oak Park, Ill., for plaintiffs.

Vincent Cainkar, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Plaintiffs Diane, Frank and Jadwiga Hernas have filed this civil rights action under 42 U.S.C. § 1983 and various portions of the Bill of Rights (also asserting pendent claims of common law replevin and negligence) against the City of Hickory Hills, its Mayor Ervin Kozicki ("Kozicki") and various named and unnamed members of its Police Department and the Roberts Park Fire Protection District. Kozicki has counterclaimed against Diane Hernas ("Hernas") charging slander,[1] and Hernas has moved to dismiss that counterclaim. For the reasons stated in this memorandum opinion and order, Hernas' motion is denied.

In substantial part Hernas' motion is simply misconceived. Hernas points to a series of claimed deficiencies based on Kozicki's failure to meet requirements of pleading and proving slander under Illinois law. While this Court will look to Illinois law on

1. Kozicki, with a number of other defendants, filed a joint answer August 13, 1980. Because the counterclaim was not filed until August 28, 1980 leave of court was required but not sought for that filing. Kozicki is hereby granted such leave.

substantive matters relating to the counterclaim, the same is not true as to pleading requirements. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), held that in diversity cases federal courts must apply state substantive law, but retain federal rules for matters of procedure. That same concept operates whenever state law provides the rule of decision, irrespective of the source of federal jurisdiction. *Commissioner of Internal Revenue v. Bosch*, 387 U.S. 456, 461, 87 S.Ct. 1776, 1780, 18 L.Ed.2d 886 (1967). Thus the identical doctrine applies to pendent state claims in a cause of action based on a federal question. 1A Moore's Federal Practice ¶ 0.305[3] at 3050–51.

 Under the principles developed in *Erie* and its progeny, matters of pleading are governed by the Federal Rules of Civil Procedure regardless of the source of substantive law. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); 5 Wright and Miller, *Federal Practice and Procedure* : Civil § 1204. Kozicki therefore does not have to meet the strict pleading requirements for slander under Illinois law. *Flood v. Margis*, 322 F.Supp. 1086, 1095 (E.D.Wis.1971), *vacated on other grounds*, 461 F.2d 253 (7th Cir. 1972). Kozicki's counterclaim clearly meets the federal requirement of "a short and plain statement of the claim." Fed.R.Civ.P. 8(a).

Hernas' motion to dismiss poses a more serious problem involving the one-year statute of limitations for defamation actions, Ill.Rev.Stat. ch. 83, § 14. Because the alleged defamatory statement was published about June 29, 1979 and the counterclaim was not filed until August 28, 1980, more than one year later, Kozicki's counterclaim will be barred unless it comes within the

provisions of Ill.Rev.Stat. ch. 83, § 18 ("Section 18"):

> A defendant may plead a set-off or counter claim barred by the statute of limitation, while held and owned by him, to any action, the cause of which was owned by the plaintiff or person under whom he claims, before such set-off or counter claim was so barred, and not otherwise...

 As a threshold matter it must be determined whether *Erie* requires a federal court to apply Section 18. That depends in turn on whether Section 18 is a matter of substance or procedure. Statutes of limitations involve matters of substance and must be applied by federal courts where state law controls a cause of action. *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Section 18 reflects a legislative determination that in certain situations the Illinois statute of limitations should not apply. Such a policy judgment differs neither in kind nor in degree from the legislative decision to create the statute of limitations itself. Accordingly Section 18 represents a matter of substance, to be applied by federal courts whenever state law controls the relevant cause of action.

 Hernas argues that Section 18 does not save Kozicki's counterclaim because it applies only when the counterclaim is directly related to the plaintiff's claim.[2] But the language of Section 18 belies that interpretation. It literally extends to *all* counterclaims, and under Illinois practice a counterclaim need not be related to the original claim. *Johnson v. Moon*, 3 Ill.2d 561, 121 N.E.2d 774 (1954).[3] Hernas was unable to offer any case rejecting the appli-

---

**2.** Even if Hernas' position were sound, this Court would still be inclined to hold Section 18 applicable. Hernas' Complaint concerns a long course of events, from approximately December 1978 to March 1980, during which defendants allegedly harassed plaintiffs. Kozicki alleges in essence that he acted properly at all times and was slandered by Hernas during the same course of events. Thus the claimed slander would satisfy the asserted requirement of relatedness.

**3.** Section 18 was enacted before the adoption of the Illinois Civil Practice Act. Common law pleading did impose greater restrictions on the rights of set-off and counterclaim. Nonetheless, this Court cannot simply assume that the failure to amend Section 18 since adoption of the Civil Practice Act is an "oversight" of the Illinois General Assembly.

cability of Section 18 based on the content of a counterclaim. Kozicki's counterclaim is accordingly preserved under Section 18. *See, Kuh v. Williams*, 13 Ill.App.3d 588, 301 N.E.2d 151 (1st Dist. 1973).

Hernas' motion to dismiss Kozicki's counterclaim is denied. Hernas is ordered to file her reply to that counterclaim on or before February 17, 1981.