**Kader ABDOH, Plaintiff,**

v.

**CITY OF CHICAGO and Officer
A. Biamonte, Defendants.**

No. 95 C 5595.

United States District Court,
N.D. Illinois,
Eastern Division.

March 28, 1996.

**312**

Lesley A. Redman, Kenneth N. Flaxman, Kenneth N. Flaxman, P.C., Chicago, IL, for Kader Abdoh.

Robert P. Vogt, Bullaro, Carton & Stone, Chicago, IL, Irene Schild Caminer, Sharon Baldwin, Robin Denise Shoffner, Margaret Ann Carey, Patricia Jo Kendall, City of Chicago, Law Department, Corporation Counsel, Chicago, IL, Susan S. Sher, Corporation Counsel, City of Chicago, Chicago, IL, for City of Chicago.

Robert P. Vogt, Bullaro, Carton & Stone, Chicago, IL, for A. Biamonte, Officer.

*MEMORANDUM OPINION*
*AND ORDER*

ASPEN, Chief Judge:

Plaintiff Kader Abdoh brings this three-count complaint against the City of Chicago and Chicago Police Officer A. Biamonte.[1] Counts I and II are brought pursuant to 42 U.S.C. § 1983, alleging a violation of the plaintiff's Fourth and Fourteenth Amendment rights, and Count III alleges a violation of the Illinois Hate Crime Statute, 720 ILCS 5/12–7.1. Presently before this court is the defendants' motion to dismiss Count III. For the reasons set forth below, the defendants' motion is denied.

---

1. Plaintiff's original complaint named the City of Chicago and Officer Robert Byrnes as defendants. Officer Biamonte was replaced as the

## I.  Background

Abdoh, who is of Jordanian ancestry, alleges that on January 4, 1995, he had an unfortunate encounter with Officer Biamonte at Chicago's Midway Airport. Plaintiff claims that Biamonte slapped him in the face, punched him on his head, placed him under arrest and caused him to be taken to a police station and charged with disorderly conduct. Abdoh asserts that Biamonte knew he had no lawful basis to beat, arrest, and charge the plaintiff, and that such actions were willful, wanton, and malicious. Plaintiff also claims that Biamonte's actions were "motivated by racial animus." As a result of this incident, Plaintiff claims to have been deprived of his liberty, to have lost wages, and to have sustained personal injuries, pain and suffering, and severe emotional distress.

## II.  Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Travel All Over The World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1429–30 (7th Cir.1996). At this stage in the litigation we take as true all factual allegations contained in the complaint, and construe all reasonable inferences therefrom in the plaintiff's favor. *Williams v. Ramos,* 71 F.3d 1246, 1250 (7th Cir.1995); *Murphy v. Walker,* 51 F.3d 714, 717 (7th Cir.1995).

## III.  Discussion

Defendants make two arguments in support of their motion to dismiss Count III. First, they contend that although the complaint purports to state a cause of action under 720 ILCS 5/12–7.1(a), this criminal provision of the Illinois Hate Crime Statute cannot sustain a civil action. Second, they maintain that even if we construe the complaint as alleging a claim under 5/12–7.1(c), Abdoh fails to allege facts sufficient to state a

only individual defendant in the plaintiff's First Amended Complaint.

claim under this civil provision of the Illinois Hate Crime Statute. We reject both of these arguments.

Defendants' first attack is based on the plaintiff's citation in Count III to the criminal provision of the Illinois Hate Crime Statute, as opposed to the civil provision in 720 ILCS 5/12–7.1(c). However, a plaintiff in federal court does not need to point to the exact statute which entitles him to relief, so long as "relief is possible under any set of facts that could be established consistent with the allegations," *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir.1992). Therefore, we decline to dismiss Count III simply because the plaintiff named the incorrect subsection of 5/12–7.1.

Defendant next challenges the sufficiency of the facts plaintiff has alleged in support of Count III. It is well settled that a plaintiff in federal court is not required to allege detailed facts in support of his claim. *E.g., Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957). Indeed, in most instances "a plaintiff in a suit in federal court need not plead facts; he can plead conclusions." *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir.1995); *see also Palmer v. Board of Ed. of Comm. Unit School Dist. 201–U*, 46 F.3d 682, 688 (7th Cir.1995) (stating that complainant does not have to plead facts). This rule applies with equal force to supplemental state law claims, since we apply federal pleading standards in assessing the sufficiency of both federal and state claims. *Fleming v. Kane County*, 636 F.Supp. 742, 748 (N.D.Ill.1986); *Hernas v. City of Hickory Hills*, 507 F.Supp. 103, 105 (N.D.Ill.1981); *see also Redfield v. Continental Cas. Corp.*, 818 F.2d 596, 605 (7th Cir. 1987) (applying federal, as opposed to Illinois, pleading rules to assess sufficiency of state claim in federal court).

Given these liberal federal pleading requirements, we cannot say that the plaintiff has failed to state a claim in Count III.

The Illinois Hate Crime Statute reads, in pertinent part:

> (a) A person commits hate crime when, by reason of the actual or perceived race, ... ancestry, ... or national origin of another individual or group of individuals, ... he commits assault, battery ...

> . . . .

> (c) Independent of any criminal prosecution or the result thereof, any person suffering injury to his person or damage to his property as a result of hate crime may bring a civil action for damages, injunction or other appropriate relief....

720 ILCS 5/12–7.1 Thus, a plaintiff states a claim if he alleges injury resulting from an assault or battery that was motivated because of his actual or perceived race, ancestry, or national origin. *See Lee v. Radulovic*, No. 94 C 930, 1994 WL 384010, at *5 (N.D.Ill.1994) (denying in part motion to dismiss claim under Illinois Hate Crime Statute where plaintiff alleged underlying offenses and racial animus); *Cotton v. Duncan*, No. 93 C 3875, 1993 WL 473622, at *5 (N.D.Ill. 1993) (denying motion to dismiss claim under Illinois Hate Crime Statute even though plaintiff failed to plead elements of underlying crime). In this case, Abdoh claims that he was beaten by Biamonte because the officer was "motivated by racial animus towards plaintiff," and that he suffered injury as a result of this attack.[2] Although the defendants argue that Count III lacks factual support for "plaintiff's conclusory allegation of a violation of the Illinois Hate Crime [Statute]," Defs.' Reply at 2, no such detail is required at this stage so long as the defendants are given minimal notice of the claim. *See Jackson*, 66 F.3d at 153–54; *Palmer*, 46 F.3d at 688; *Viero v. Bufano*, 901 F.Supp. 1387, 1394 n. 9 (N.D.Ill.1995). The allegations in Count III, when combined with those in the remainder of the complaint, are adequate to put the defendants on notice of the claim. Accordingly, we deny the motion to dismiss Count III.

**2.** Defendants argue that we should not consider any of the allegations outside of Count III, as they have not been explicitly incorporated into that paragraph of the complaint. Not surprisingly, defendants cite no authority for such a strict pleading rule. We believe that adoption of this position would conflict with the liberal pleading requirements of the federal rules, and therefore consider the whole of the plaintiff's complaint in our evaluation of Count III.

## IV. Conclusion

For the reasons set forth above, defendants' motion to dismiss Count III is denied. It is so ordered.