M. T. Deaton, Plaintiff-Appellant, *v.* Lloyd's Jewelry Company *et al.*, Defendants-Appellees.

(No. 55478;

First District—September 20, 1972.

George Kaye, of Chicago, for appellant.

Albert Gore and Solomon I. Hirsh, both of Jacobs, Gore, Burns & Sugarman, of Chicago, for appellees.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Plaintiff, M. T. Deaton, sued for the collection of two promissory notes executed in a partnership name. At the conclusion of plaintiff's case, in a bench trial, the court found for all defendants and dismissed the complaint. Plaintiff appeals and raises the following issues on review:

     1. Whether the plaintiff was entitled to a default judgment against Lloyd's Jewelry Company, and summary judgment against defendants, Thomas J. Lloyd and Lloyd's Jewelry Company; and

     2. Whether plaintiff sustained his burden of proof at trial against defendant Thomas J. Lloyd.

The evidence in this case indicates that on August 1, 1956, defendant Thomas J. Lloyd and his son William E. Lloyd were partners in a retail jewelry business in Pocatello, Idaho, operated under the name of Lloyd's Jewelry Company. On that date William E. Lloyd executed two promissory notes, in the amounts of $3,500 and $5,000, in the name of Lloyd's Jewelry Company to plaintiff M. T. Deaton. Plaintiff sues to recover the $5,497.61 still remaining outstanding on those two notes as well as interest and attorney's fees as provided in the notes.

William E. Lloyd was never served with summons in the instant case. Service upon the Lloyd's Jewelry Company partnership was attempted

to be obtained by serving Thomas J. Lloyd as a partner who was also served as an individual. The only answer filed in the case at bar was filed by Thomas J. Lloyd and only in his individual capacity.

On July 9, 1970, plaintiff served defendant Thomas J. Lloyd with requests for admissions of facts, pursuant to Supreme Court Rule 216. Plaintiff requested defendant to admit that on August 1, 1956, he was a partner of William E. Lloyd's in a partnership doing business as Lloyd's Jewelry Company and that from June 1, 1957 to April 3, 1965, defendant had not been physically present in the State of Idaho for more than an aggregate of 180 days. Defendant never responded to those requests.

On August 11, 1970, the case was ready for trial, a jury having been waived. The trial judge denied plaintiff's motion for a default order against defendant Lloyd's Jewelry Company, a partnership and plaintiff's motions for summary judgments against defendants Lloyd's Jewelry Company, a partnership and Thomas J. Lloyd, individually.

At trial, plaintiff relied upon the facts admitted by the pleadings and the papers on file and on documentary exhibits consisting of the originals of the two notes sued upon and of the Illinois State Bar Association Minimum Fee Schedule which were received in evidence. At the conclusion of plaintiff's case, defendant Thomas J. Lloyd moved to dismiss the case on the ground that defendant had not been shown to be a partner. The trial court granted defendant's motion. Plaintiff appeals from the order dismissing the complaint as well as the orders denying plaintiff's motions for a default judgment and for summary judgments.

■■ Plaintiff's initial contention on appeal is that the trial court erred in denying his motions for a default order against the Lloyd's Jewelry Company partnership and his motions for summary judgments against the partnership and Thomas J. Lloyd individually. The Illinois Civil Practice Act provides that a partnership may be sued in its firm name by leaving a copy of the process with any partner. (Ill. Rev. Stat. 1969, ch. 110, par. 13.4.) Plaintiff made no attempt to serve William E. Lloyd, who executed the notes in the partnership name, in the instant proceeding. Instead he attempted to serve the partnership by serving Thomas J. Lloyd whom he alleged to be a partner. At the trial plaintiff offered evidence of Thomas J. Lloyd's capacity as a partner, by way of an admission. However, our examination of the record reveals that when the motion for a default judgment was argued, no evidence of Thomas J. Lloyd's partnership in Lloyd's Jewelry Company was offered. Absent proof that Thomas J. Lloyd was indeed a proper party to accept service on behalf of the partnership, there is no indication that the partnership was ever properly brought before the court. The trial court's denial of

plaintiff's motion for a default judgment against the partnership was proper.

Plaintiff further contends that his pre-trial motions for summary judgment against both the partnership and Thomas J. Lloyd were improperly denied by the trial court. Summary judgment may be granted "* * * if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." (Ill. Rev. Stat. 1969, ch. 110, par. 57.) Plaintiff maintains that he should have been granted summary judgment against Thomas J. Lloyd as there was no genuine issue as to any material fact. He contends that Thomas J. Lloyd admitted executing the notes in question by failing to file a verified answer denying the allegation of the complaint and that Thomas J. Lloyd admitted being a partner in Lloyd's Jewelry Company by his failure to respond to plaintiff's request for admissions of fact.

■■■ The party who moves for summary judgment must comply with the statutes or court rules relating thereto, and a failure to follow the prescribed procedure will preclude the granting of the motion. (See e.g., *Brainerd v. First Lake County Nat. Bank of Libertyville*, 109 Ill.App.2d 251, 248 N.E.2d 542, 23 I.L.P. Judgments, Sec. 74; 49 C.J.S. Judgments, Sec. 222.) By providing that the "* * * opposite party may prior to or at the time of the hearing on the motion file counteraffidavits[,]", Sec. 57 of the Civil Practice Act contemplates that in an action for summary judgment the opposite party should have some reasonable time to prepare a response. (Ill. Rev. Stat. 1969, ch. 110, par. 57(3)). Rule 2.1(e) of the Circuit Court of Cook County expressly provides that a motion for summary judgment "* * * will not be heard until 10 days after service of notice of motion * * *." In the instant case, the record indicates that plaintiff failed to give defendants any prior notice of his motions for summary judgments and the trial court's denials of plaintiff's motions for summary judgments were not error.

■■ Plaintiff's other contention on appeal is that the trial court erred in dismissing plaintiff's claim at the close of plaintiff's case. For the trial court to give a judgment to defendant at the close of the plaintiff's case, it is necessary that the trial court find as a matter of law that the evidence presented by plaintiff viewed most favorably to plaintiff and all the inferences most favorable to him arising from that evidence so overwhelmingly favors the defendant that no contrary verdict based on that evidence could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504.

Plaintiff's theory at the trial of the instant case was that the execution

of the notes in question in the name of Lloyd's Jewelry Company partnership by William E. Lloyd was admitted by failure of defendants to deny their execution by a verified pleading as required by Section 35(2) of the Civil Practice Act. (Ill. Rev. Stat. 1969, ch. 110, par. 35(2).) Plaintiff then contended that defendant Thomas J. Lloyd admitted that he was a partner of William E. Lloyd in the Lloyd's Jewelry Company at the time the notes were executed by failing to respond to plaintiff's request for admissions of fact as required by Supreme Court Rule 216. (Ill. Rev. Stat. 1969, ch. 110A, par. 216.) Plaintiff concluded that under the Uniform Partnership Act, in effect in both Idaho (Idaho Code, Sec. 53—315) and Illinois (Ill. Rev. Stat. 1969, ch. 106½, par. 15), all partners being jointly liable for partnership debts and obligations, Thomas J. Lloyd was liable on the notes in question.

Defendant argues on appeal that no evidence of Thomas J. Lloyd's partnership in Lloyd's Jewelry Company was introduced at trial. Plaintiff introduced into evidence at trial the promissory notes in question and a copy of the Minimum Fee Schedule of the Illinois State Bar Association. Plaintiff, apparently, relying upon the fact that he had made defendant's failure to respond to his request for admissions of fact and thus defendant's admission of his partnership in Lloyd's Jewelry Company, known to the trial court in some of his pre-trial motions and memoranda, failed to offer those admissions in evidence at trial. When, however, before the defense proceeded with its case, the trial court asked plaintiff if that was all the evidence he had, plaintiff replied: "I'd like to call it to your attention that T. J. Lloyd was admitted in the record in this case that he was a partner in the partnership on the date the note was executed. That was filed here on August 6th * * *. The Supreme Court Rule 216 is quite clear. It permits parties to simplify the pleadings by calling for admissions of fact. This admission of fact was duly called for. No objection to it was ever filed. No response to it was ever filed, the time went by, and it was admitted by silence."

■■ Defendant had the opportunity and did respond to plaintiff's offer of the admissions arguing that defendant's failure to respond should not be deemed an admission. It appears from the record in the case at bar that the admissions of defendant were indeed sufficiently presented for the consideration of the trial court.

■■ The record indicates that in the instant case, plaintiff offered evidence as to the existence of promissory notes executed in a partnership name by a partner. Plaintiff also offered an admission by defendant that he was a partner at the time the notes were executed. Viewing the evidence and the inferences reasonably drawn therefrom in the light most favorable to the plaintiff as required under the Supreme Court's *Pedrick*

decision, we are unable to agree with the trial court that such evidence so overwhelmingly favors defendant that no contrary verdict based on that evidence could ever stand.

The judgment of the Circuit Court of Cook County is therefore reversed and the cause is remanded for a new trial.

Reversed and remanded.

DIERINGER, P. J., and BURMAN, J., concur.