FRANCIS J. HERMAN, Plaintiff-Appellant, *v.* MICHAEL R. SWISHER *et al.*, Defendants-Appellees.

Third District No. 82—590

Opinion filed June 7, 1983.

William J. Harte, of William J. Harte, Ltd., and Herbert F. Stride, of Herbert F. Stride, Ltd., both of Chicago, for appellant.

Raymond E. Meader and George F. Mahoney III, both of Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet, for appellee Jerry Hilgendorf.

John F. Wols, of Stefanich, McGarry & Wols, Ltd., of Joliet, for appellees Michael R. Swisher and Doris J. Swisher.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Francis Herman, brought this action against defendants, Michael Swisher, Doris Swisher and Jerry Hilgendorf, seeking damages for injuries allegedly caused by the defendants' violations of the Structural Work Act (Ill. Rev. Stat. 1981, ch. 48, pars. 60 through 69) and by their negligent conduct.

On June 16, 1978, Michael and Doris Swisher were in the process of adding a room to their house. In connection with this project, the Swishers' had excavated and poured four cement walls and the cement floor of the proposed basement leaving a large opening in the ground unbarricaded. The Swishers were being assisted in the construction work by defendant, Jerry Hilgendorf, Mr. Swisher's brother-in-law.

The plaintiff resided next door to the Swishers. As he had done on several previous occasions, he walked over to the Swishers' house on the afternoon of June 16, 1978, in order to observe the progress of his neighbor's construction project.

At the time the plaintiff entered the Swishers' property, Mr. Swisher and Mr. Hilgendorf were engaged in the task of installing a wooden joist or beam in the floor area of the addition which was being erected adjacent to the main building on the premises. Immediately prior to the accident, the plaintiff was standing on the ground near the basement opening. In an attempt to aid Hilgendorf in maneuvering the joist into place, the plaintiff was bumped by Hilgendorf and fell into the basement opening. As a result of the fall, the plaintiff suffered external and internal injuries.

On June 9, 1980, the plaintiff brought an action against the Swishers and Hilgendorf alleging negligent conduct and in count II of the complaint wilful violation of the Structural Work Act by reason of the defendants' failure to provide planks, boards, guard rails or other barricades around the basement opening. On June 11, 1982, the Swishers filed a motion for summary judgment and dismissal of count II of the second amended complaint, stating that because the plaintiff was standing on the ground, the Structural Work Act had no application to this case. On June 14, 1982, the trial court held a hearing on

the motion for summary judgment and subsequently granted the motion. In addition, the plaintiff was granted a voluntary nonsuit for the remainder of the complaint.

On July 13, 1982, the plaintiff moved to reinstate the case and to vacate the order granting the summary judgment as to count II on the grounds that the court had left the plaintiff no choice at the time but to take a voluntary dismissal since he was not prepared to proceed and that by setting the hearing date three days after service of notice of motion for summary judgment, the plaintiff had not been given an opportunity to file a response to the motion pursuant to local rule. On July 22, 1982, the trial court held a hearing on the motion to reinstate and subsequently denied it.

The following issues have been presented to this court for review: (1) whether the trial court erred in granting the defendants' motion for summary judgment as to count II in that there was a genuine issue of material fact as to the application of the Structural Work Act to this case, and (2) whether the trial court erred in denying the plaintiff's motions for a continuance, to reinstate the case and to vacate the order granting the defendants' summary judgment in that it arbitrarily and unjustly deprived the plaintiff of his right to a hearing on the merits.

■ In order to maintain a cause of action under the Structural Work Act (Ill. Rev. Stat. 1981, ch. 48, pars. 60 through 69), the plaintiff must establish that his injury has some connection with the hazardous nature of one of the devices named in the Act. *Quinn v. L.B.C., Inc.* (1981), 94 Ill. App. 3d 660, 418 N.E.2d 1011.

■ In section 1 of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 60) the following devices are listed: "scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed." The courts have held that even though the Act is to be liberally construed, certain structures such as a cement form on a garage floor and the ground floor of a building are not "scaffolds" within the contemplation of the Act. *Thon v. Johnson* (1961), 30 Ill. App. 2d 317, 174 N.E.2d 400; *Quinn v. L.B.C., Inc.* (1981), 94 Ill. App. 3d 660, 418 N.E.2d 1011.

The court in *Thon* stated that the inclusion of cement forms within the coverage of the Act would be tantamount to holding that everywhere a worker stands is a "scaffold" within the meaning of the statute. We believe the same reasoning applies to the case at hand. The plaintiff was standing on the ground near the basement opening at the time the accident occurred. To so freely construe the Act as to include the ground within the definition of any of the devices named

therein, would defeat the legislative intent inherent in the provision of a statutory remedy for injuries occurring on a construction site in connection with scaffolds or other supportive devices. Thus, no genuine issue of material fact existed to prevent the trial court from granting the defendants' motion for summary judgment. As a matter of law, the ground in this situation was not a "scaffold" within the meaning of the Act.

■ The plaintiff next contends that he should have been granted a continuance to argue the defendants' motion for summary judgment and to try the remainder of the case instead of being forced to take a voluntary nonsuit. The plaintiff contends the trial court erred in not reinstating the negligence cause of action and in not vacating the order granting the summary judgment as to count II of the complaint.

Where the plaintiff has been granted a voluntary nonsuit, the court has no power to vacate an order of dismissal and reinstate the cause of action, unless, at the time the nonsuit was taken, leave was given the plaintiff to move to set the dismissal aside. Absent this, the plaintiff's only recourse is to begin the action anew. *Bettenhausen v. Guenther* (1944), 388 Ill. 487, 58 N.E.2d 550.

The plaintiff in this case did not request leave, nor was leave granted by the trial court to later move to set the dismissal aside. Thus, the trial court did not have the power to vacate its order of dismissal and to reinstate the negligence cause of action.

■ ■ As for the trial court's denial of the continuance to argue the merits of the defendants' motion for summary judgment, we believe the court did not err in this respect. According to local rule, the defendants' motion for summary judgment should have been heard at least 10 days after service of the notice of the motion. The motion was actually heard only three days after receipt by the plaintiff of the notice.

It is within the sound discretion of the trial court to allow the filing of motions to dismiss after the time for filing has passed. (*Uretsky v. Baschen* (1977), 47 Ill. App. 3d 169, 361 N.E.2d 875; 87 Ill. 2d R. 183.) The motion for summary judgment was set to be heard on the date the trial was to begin. The practice of filing motions for summary judgment a short time before a case is set for trial should not generally be approved. However, because we do not see any clear abuse of discretion in the case at hand, we hold that the trial court did not err in failing to grant the plaintiff's motion for a continuance.

Accordingly, for the reasons set forth above, the judgment of the circuit court of Will County granting the defendants' motion for summary judgment as to count II of the complaint and denying the plain-

tiff's motion to vacate its order of dismissal and to reinstate the cause of action is affirmed.

Affirmed.

ALLOY and SCOTT, JJ., concur.