THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ISADORE SAM WILLIAMS, Defendant-Appellee.

Third District    Nos. 3—85—0049, 3—85—0050 cons.

Opinion filed October 24, 1985.

Raymond Kimbell III, State's Attorney, of Galesburg (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

John F. O'Meara, of Chicago, for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The State appeals from the order of the circuit court of Knox County dismissing its complaint against the defendant, Isadore Sam Williams. The complaint charged the defendant with committing a battery in Knox County. The defendant responded with a motion to dismiss asserting that Knox County was not the proper place of trial. The trial court then granted the defendant's motion to dismiss the complaint for the State's failure to follow local circuit court rules requiring a party opposing a motion to file a response with the court at least four days prior to a hearing on the motion.

Supreme Court Rule 21(a) (87 Ill. 2d R. 21(a)) authorizes circuit courts to adopt rules governing criminal and civil cases to provide for the orderly disposition of cases. Rule 21(a) mandates that local rules must be consistent with the law of the State of Illinois. Local rules promulgated under Rule 21(a) may not "abrogate, limit or modify existing law." (*People v. Schroeder* (1981), 102 Ill. App. 3d 133, 137, 429

N.E.2d 573, 577.) Inasmuch as existing State law does not countenance dismissal of a criminal complaint for mere failure to conform with purely local rules of court, we reverse the decision of the trial judge and remand this case for further proceedings.

Reversed and remanded.

SCOTT and STOUDER, JJ., concur.