THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN D. SIMS, Defendant-Appellant.

Third District   No. 3—86—0768

Opinion filed January 6, 1988.

HEIPLE, J., concurring in part and dissenting in part.

Catherine E. Churm and Catherine Fitzsimmons, both of State Appellate Defender's Office, of Ottawa, for appellant.

Raymond Kimbell II, State's Attorney, of Galesburg (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

After trial by jury in the circuit court of Knox County, the defendant, Steven D. Sims, was found guilty of the crimes of home invasion and attempted armed robbery. Judgment was entered only on the offense of home invasion and the defendant was sentenced to a 12-year term of imprisonment.

The defendant argues that the trial court erred in refusing to hear defendant's motion to suppress his post-arrest statements and that further error was committed by the trial court's overruling defendant's objections to testimony about the statements.

In addressing the defendant's argument, the following scenario of events should be noted.

The trial court by an order of July 23, 1986, stated that all motions were to be filed and heard by September 12, 1986. A second order dated September 10, 1986, required that all motions be heard by October 6, 1986, the first day of the trial scheduled for the defendant. On October 2, 1986, the defendant filed a motion to suppress his statements, and on the following day he filed a supporting affidavit which, *inter alia*, alleged that his statements were involuntary because he was young, had no prior convictions, that he had been physi-

cally threatened by a law enforcement officer, that he had been misinformed by the officer as to vital information and, further, that he (defendant) was exhausted, confused and scared when he signed the statement.

On October 2, 1986, defendant's attorney by motion requested a continuance of one day because of medical problems of one of his children. This motion was denied and co-counsel for the defendant conducted *voir dire* examination of prospective jurors on October 6, 1986. It was also on this date that co-counsel for defendant filed notice that the motion to suppress would be heard the following day, to wit October 7, 1986.

On October 7, 1986, the State argued that the motion to suppress was not timely due to the trial court's order that all motions were to have been filed and heard by September 12, 1986. The State suggested that even if the statements were found to be voluntary, the defendant could present evidence during trial by presenting evidence of the circumstances under which the statements were taken.

The defense argued that involuntary statements should not be presented to a jury and that a hearing was necessary. The defense maintained that the motion to suppress was timely because it was made before trial, as required by section 114—11(a) of our Criminal Code of 1961, which provides:

"Sec. 114—11. Motion to suppress confession

(a) Prior to the trial of any criminal case a defendant may move to suppress as evidence any confession given by him on the ground that it was not voluntary." Ill. Rev. Stat. 1985, ch. 38, par. 114—11(a).

The trial court found that the motion to suppress was not timely in that its pretrial order of September 10, 1986, required that all motions should be resolved prior to trial on October 6, 1986. The court further stated that the order directed counsel to comply with rules of the Ninth Judicial Circuit. The rules provide that notice as to hearing on a motion be given eight days prior to the date of hearing. See General Rules, Ninth Judicial Circuit Court R. G—1.

■■ An analyzation of the foregoing events fails to yield any basis for the trial court's decision to deny a hearing on the motion to suppress. The trial court's reliance on its September 10, 1986, order setting a cutoff date for hearing motions is not well placed in view of the fact that the court had permitted the State to supplement discovery until the eve of the trial and further heard motions filed by the State after September 12 and which were heard within a short time before trial.

■ We are likewise of the opinion that the trial court's reliance upon a circuit court rule is too tenuous a reason to support the court's denial of a hearing on the motion to suppress. We question not the authority of the circuit court to adopt rules; however, such rules must be consistent with the statutes of our State. (See Supreme Court Rule 21 (107 Ill. 2d R. 21).) Local rules may not abrogate, limit or modify existing law. See *People v. Schroeder* (1981), 102 Ill. App. 3d 133, 429 N.E.2d 573; *People v. Williams* (1985), 137 Ill. App. 3d 460, 484 N.E.2d 947.

■ A full and fair hearing on the issue of the voluntariness of a confession is a constitutional right. (*Jackson v. Denno* (1964), 378 U.S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774.) The constitutional status of a right to hearing on a motion to suppress militates against the use of a circuit court rule to limit the force and effect of section 114—11(a), which gives to a defendant a hearing, prior to trial, on a motion to suppress a confession on grounds that the confession was not voluntary.

The defendant argues that his counsel filed the motion to suppress as soon as he had knowledge of the factual basis for such a motion. We are aware of the short time gap between the filing of the motion and the trial date; however, the better and necessary practice is to arrange for a hearing on the motion before trial or, if necessary, it should be heard outside the presence of a jury. A defendant should not be compelled, as was the defendant in the instant case, to try and suppress a confession before a jury after it has been admitted.

■ The defendant further argues that his sentence is excessive in view of his youth, lack of prior convictions, educational record, and work record. The defendant was convicted of a Class X offense of home invasion, which has a mandatory sentence of imprisonment of not less than 6 years and not more than 30 years. (Ill. Rev. Stat. 1985, ch, 38, par. 1005—8—1(a)(3).) The defendant received a sentence of 12 years, which is well within the parameters of the sentencing statute. The defendant with four other men broke into an individual's home for the purpose of stealing drugs. The defendant and one other individual were armed with guns, which had been procured by the defendant. During the invasion three people in the home were physically assaulted and injured—one was shot in the neck and is now a paraplegic. We disagree with the defendant that the trial court abused its discretion by imposing a sentence of 12 years' imprisonment.

For the foregoing reasons this case is remanded to the circuit court of Knox County for the purpose of conducting a suppression hearing, with the instruction that if motion to suppress is allowed the

court shall vacate the judgment of conviction and grant the defendant a new trial. Subject to the suppression hearing on remand, the judgment of the trial court and sentence therein is affirmed.

Affirmed, but remanded with instructions.

WOMBACHER, J., concurs.

JUSTICE HEIPLE, concurring in part and dissenting in part:

I agree with that portion of the majority opinion which affirms the judgment and sentence of the trial court but I dissent from that portion which remands for the purpose of conducting a sentencing hearing.

By order dated July 23, 1986, the trial court stated all motions were to be filed and heard by September 12, 1986. A second order of September 10, 1986, extended the deadline of the first order by requiring all motions be set, noticed and resolved prior to the date set for trial, October 6, 1986. The second order also directed counsel to comply with the procedure of Ninth Judicial Circuit Court Rule G—1. Rule G—1 provides that notice as to the hearing on a motion be given eight days prior to the date of the hearing. Additionally, the second order stated motions "presented at or after" October 6, 1986, would not be heard by the court "except upon an express finding that new matter, not previously available to the parties, has been discovered necessitating the filing and presentation of said motion, and also upon the finding that said motion is not being filed for the purposes of delay."

On October 2, 1986, the defendant filed a motion to suppress his statements and indicated the motion would be heard on October 6, 1986. The defendant's action violated Rule G—1 because notice as to the hearing on the motion was not given eight days in advance of the hearing. Additionally, unless the defendant could establish new matter had been discovered necessitating the late date set for hearing his motion to suppress, the defendant's action violated the September 10, 1986, order of the court; if the motion was to be heard on the date set for trial, it is obvious the motion could not be resolved prior to the date set for trial.

The defendant's counsel could not be present on October 6, 1986, so co-counsel filed a notice of hearing on the motion for October 7, 1986, and proceeded to choose a jury. Again, the second notice of hearing violated Rule G—1 since it was not given eight days in advance of the hearing. The problem with the motion itself had been

worsened. Now, it was not to be heard until the day following the first day set for trial.

On October 7, 1986, the trial judge, finding no reason justifying the late presentation of the motion, refused to hold a lengthy suppression hearing. The majority now holds the defendant is entitled to a suppression hearing. It states:

> "The trial court's reliance on its September 10, 1986, order setting a cutoff date for hearing motions is not well placed in view of the fact that the court had permitted the State to supplement discovery until the eve of the trial and further heard motions filed by the State after September 12 and which were heard within a short time before trial." 165 Ill. App. 3d at 206.

Whether the State was allowed to supplement discovery until the eve of trial is irrelevant in regard to the defendant's late presentation of his motion to suppress. The majority does not contend the supplemental discovery somehow necessitated the late presentation of the motion. Further, I fail to see how the fact that the State filed motions which were resolved prior to trial excuses the defendant's actions. The State acted pursuant to the order of September 10, 1986, in setting, noticing and resolving its motions prior to trial. The defendant did not.

The majority's second reason for holding the defendant is entitled to a suppression hearing is that "the trial court's reliance on a circuit court rule is too tenuous a reason to support the circuit court's denial of a hearing on the motion to suppress." It further states the circuit court rule limits the force and effect of section 114—11(a) of our Criminal Code. (Ill. Rev. Stat. 1985, ch. 38, par. 114—11(a).) I disagree on both points.

Circuit courts have the power to enact and enforce rules regulating their calendars and dockets as long as the rules do not conflict with supreme court rules or statutory law. Valid circuit court rules of practice have the binding effect of a statute and are to be obeyed. (*Martin Brothers Implement Co. v. Diepholz* (1982), 109 Ill. App. 3d 283.) Section 114—11(a) states that prior to trial in a criminal case a defendant may move to suppress a confession as not voluntary. The circuit court's order did not abrogate, limit or modify section 114—11(a); rather, it was in accordance with the section. The court allowed a total of 74 days from the issuance of its first order on July 23, 1986, until trial on October 6, 1986, for the setting, noticing and resolving of motions. This was certainly a reasonable amount of time for the defendant to resolve his motion to suppress. Trials cannot proceed in

an orderly fashion when motions which can be filed and heard before trial, and which are ordered to be filed and heard before trial, are not so filed and heard. Failure to comply with reasonable local rulings and directions as to procedural deadlines by the trial judge serves to obstruct the timely administration of justice. As the trial judge stated, the time to have a lengthy suppression hearing is not the morning of the jury trial. The trial judge had inherent power to rule as he did, his rulings were consistent with statutory law, were reasonable, and should be upheld.

Finally, the majority opinion stresses that a hearing on the voluntariness of a confession is a constitutional right. So it is. Like all constitutional rights, however, it is subject to reasonable procedural requirements. Otherwise, there is nothing to prevent the defendant from raising such motions for the first time at the conference on jury instructions or even at the sentencing hearing. Throughout the entire fabric of the law, a thread of reasonableness is interlaced. Without reasonableness, the fabric unravels.