PHILLIP SCOBY, Plaintiff-Appellant, v. VULCAN-HART CORPORATION, Defendant-Appellee.

Fourth District   No. 4—89—0130

Opinion filed September 7, 1989.

Jeffrey W. Tock, of Phebus, Tummelson, Bryan & Knox, of Urbana, and Michael J. Tague, of Franklin, Flynn & Palmer, of Champaign, for appellant.

D. Cameron Dobbins, of Dobbins, Fraker, Tennant, Joy & Perlstein, of Champaign, for appellee.

JUSTICE GREEN delivered the opinion of the court:

■ In this case we are concerned first with the effect of a circuit court's refusal, after request, to follow one of its own rules. At times pertinent, a rule of the Sixth Judicial Circuit stated:

> "Summary Judgment. A motion for summary judgment *shall not be heard until ten* (10) *days after service* of the *notice of motion* under Supreme Court Rule 11." (Emphasis added.) (Rules of Practice of the Circuit Court, Sixth Judicial Circuit, Rule 2.1(f), eff. June 1, 1983.)

Over the objection of plaintiff Phillip Scoby, the circuit court of Champaign County heard and allowed a motion for summary judgment filed by defendant Vulcan-Hart Corporation one day after the motion was filed and without any prefiling notice having been given to plaintiff. We recognize the ability of a court to refuse, over request, to follow its own rules is a matter of some uncertainty. However, we hold that reversible error resulted from the failure of the court to do so here.

On October 14, 1986, plaintiff filed a three-count complaint in the circuit court of Champaign County against defendant seeking damages for personal injuries. He alleged that while he was employed in a Champaign restaurant he was injured when his arm became submerged in hot oil contained in a deep fat fryer manufactured by defendant. Count I sounded in the tort of strict liability for a defective product, and count II, subsequently dismissed by plaintiff, was based upon negligence. Plaintiff contended in count I the equipment was unreasonably dangerous because the fryer was not equipped with a restricting guard which would prevent a person's arm from becoming submerged in the fryer and prevent oil from the fryer splattering on the floor.

After issue was drawn, the case was set for trial on January 9,

1989. On the morning of the trial date, defendant filed a motion for summary judgment. Plaintiff objected to proceeding on that motion at that time because of the circuit court rule requiring 10 days' notice. The court gave the plaintiff until the next morning to prepare for hearing on the motion but refused further time. The next day, the plaintiff again objected to the lack of sufficient notice of the motion for summary judgment, but the court proceeded to hear the motion. The court then granted the motion and entered summary judgment for the defendant. Plaintiff subsequently filed a post-hearing motion which was denied. Plaintiff has appealed.

The undisputed evidence before the court at the time it ruled upon the motion for summary judgment generally supported the allegations of the plaintiff as to the occurrence in which plaintiff was injured. His deposition indicated that, when he was near the fryer, he slipped and fell, immersing his arm in the fryer. The theory of the circuit court's grant of summary judgment was that the likelihood of plaintiff being injured if any portion of his body fell into the fryer while it contained hot oil was obvious to all. The circuit court concluded that, under the precedent of *Hunt v. Blasius* (1978), 74 Ill. 2d 203, 384 N.E.2d 368, the obvious nature of the danger presented by the fryer prevented it, as a matter of law, from being unreasonably dangerous. Plaintiff contended in his request for a rehearing that decisions of the supreme court cited in *Lease v. International Harvester Co.* (1988), 174 Ill. App. 3d 897, 529 N.E.2d 57, changed the law in regard to whether the obvious nature of a defect in a product prevents the product from being unreasonably dangerous.

Although we do not decide here the complicated substantive questions of tort law involved in the merits of this case, we deem it desirable for us to discuss those substantive matters further because they bear upon the need for plaintiff to have had more time to prepare for the hearing on the motion.

In *Hunt*, relied upon by the circuit court, the supreme court had stated the criterion for determining whether a product was unreasonably dangerous because of a defect was the consumer-user contemplation test set forth in section 402A of the Restatement (Second) of Torts (Restatement (Second) of Torts §402A (1965)). (*Hunt*, 74 Ill. 2d at 211-12, 384 N.E.2d at 372.) As its name implies, the question under this test is whether the danger presented by a product is greater than would be expected by the ordinary consumer or user. Under this test, a danger which is obvious would be contemplated by a consumer or user, and the product would not be unreasonably dangerous. Thus, the circuit court reasoned here, the danger from an open fryer would

be contemplated by an ordinary person, and, accordingly, the fryer was not unreasonably dangerous.

Our decision in *Lease* was rendered shortly before the hearing on the post-hearing motion. There, we pointed out the supreme court had held in several cases that, in determining whether a product is defective, the trier of fact should examine whether a safer alternative would be " 'economical, practical and effective.' " (*Lease,* 174 Ill. App. 3d at 904, 529 N.E.2d at 62.) The supreme court cases cited were *Kerns v. Engelke* (1979), 76 Ill. 2d 154, 390 N.E.2d 859, and *Anderson v. Hyster Co.* (1979), 74 Ill. 2d 364, 385 N.E.2d 690. Under an alternate test to the "consumer-user contemplation" test, a test described as the "danger-utility" test has been suggested by an authoritative text on torts. (W. Keeton, Prosser & Keeton on Torts §99(3), at 699-70 (5th ed. 1984).) Under that test the question of whether a product is unreasonably dangerous is determined on the basis of whether (1) the harm from reasonably foreseeable use outweighs the benefits of the product; (2) alternate products are available to give the same benefits without as much risk; or (3) a feasible way exists to design the product with fewer risks. Because of the similarity between the "danger-utility" test and the language in *Kerns* and *Anderson,* we stated at least some of the features of that test "are in operation in Illinois law." *Lease,* 174 Ill. App. 3d at 904, 529 N.E.2d at 62.

At the hearing on the post-hearing motion, plaintiff pointed out the language in *Lease* which indicates some features of the "danger-utility" test have some application. Plaintiff had previously cited *Kern* and *Anderson* as well as *Palmer v. Avco Distributing Corp.* (1980), 82 Ill. 2d 211, 412 N.E.2d 959. Plaintiff then argued, and now contends, the foregoing cases overruled *Hunt* at least to the extent a product can be proved to be unreasonably dangerous if a better design was reasonably feasible. Without conceding this to be so, defendant maintains that, in any event, plaintiff has failed to come forward, in response to the motion for summary judgment, to show the existence of any more feasible, practical, and economical design. Plaintiff responds it was not required to do so when the motion for summary judgment relied merely upon the obvious nature of the allegedly dangerous condition of the fryer.

As we have previously indicated, we do not pass upon any of the points raised by the parties other than the contention that plaintiff was entitled to the benefit of the local rule requiring 10 days' notice of a motion for summary judgment before being required to go to hearing on it. We discuss the other matters to illustrate the confusion

which can arise when motions for summary judgment are heard shortly before trial with too short of notice being given.

In support of the circuit court's action in overruling plaintiff's objection to proceeding to hear the summary judgment motion before the expiration of the 10-day period of the circuit court rule, defendant relies on *Herman v. Swisher* (1983), 115 Ill. App. 3d 179, 450 N.E.2d 28. There, a circuit court order requiring a plaintiff to argue a motion for summary judgment upon short notice despite a circuit court rule allowing a greater time was upheld on appeal as not being an abuse of discretion. That court based its decision upon *Uretsky v. Baschen* (1977), 47 Ill. App. 3d 169, 361 N.E.2d 875. In *Uretsky*, the court held the circuit court did not abuse its discretion in allowing a party to file a motion to dismiss after the time allowed for filing the motion had expired. That court relied on Supreme Court Rule 183, which permits courts to "extend" the time authorized to perform various acts when good cause is shown. (58 Ill. 2d R. 183.) The issue of whether a circuit court is required to follow its own rule entitling a party to certain notice before being required to go to hearing was not involved.

■■ Defendant also argues section 2—1005(b) of the Code of Civil Procedure (Code), which states a "defendant may, *at any time*, move *** for summary judgment" (emphasis added) (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(b)), and section 2—1005(c) of the Code, which allows a party opposing a summary judgment to file counteraffidavits prior to or at the time of the hearing on a motion for summary judgment (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c)), when taken together, indicate the law only required a court to give a respondent to a motion for summary judgment a reasonable time to prepare. We do not agree. Section 2—1005(b) speaks only to the time when the motion must be filed and not when it must be heard. Allowing a respondent to file responses up and to the time of hearing merely indicates an intent to protect the interest of the respondent. We find nothing in this legislation which precludes the circuit court from enacting rules giving a respondent to such a motion a stated reasonable time to prepare.

As we have indicated, not many cases of courts of review have passed upon the responsibility of trial courts to follow their own rules. However, the supreme court did so in the case of *In re Estate of Young* (1953), 414 Ill. 525, 112 N.E.2d 113. There, the supreme court held an order of the probate court of Cook County was void because it was entered without the notice required by the rules of that court. The court stated "[t]he rule has the *force of a statute* and is binding upon the parties, *as well as the court*." (Emphasis added.) (*Young*, 414

Ill. at 535, 112 N.E.2d at 118.) Similarly, in *Deaton v. Lloyd's Jewelry Co.* (1972), 7 Ill. App. 3d 926, 289 N.E.2d 123, breach of a circuit court notice rule was held, by itself, to justify the circuit court's denial of a motion for summary judgment. There, as here, the rule required a 10-day notice before a party could be required to go to hearing.

■ We disagree with *Herman*, particularly to the extent it is taken to indicate a circuit court has substantial discretion as to whether to follow its own rules even in the face of objection. We consider it to have interpreted *Uretsky* too broadly. Rather, we conclude that under *Young* and *Deaton* a trial court must follow its rules of notice when those rules are not in conflict with a statute or supreme court rule. Particularly is this so when a party objects to any waiver of the rules. We note the rule here is stated in terms that a motion for summary judgment *"shall not be heard"* without the requisite notice. (Emphasis added.) Rules of Practice of the Circuit Court, Sixth Judicial Circuit, Rule 2.1(f), eff. June 1, 1983.

We do not hold that some failure to follow the rules of notice may not be harmless error under certain circumstances, but such was not the case here. The *Herman* court indicated that filing a motion for summary judgment immediately preceding a scheduled trial date should be discouraged. Here, the speed with which the matter was heard left the record in such a shape that an important aspect of a complicated case might have to have been decided on the basis of waiver.

Accordingly, the summary judgment appealed is reversed and the cause remanded for further proceedings.

Reversed and remanded.

LUND and KNECHT, JJ., concur.