NICK ATHENS, Plaintiff-Appellant, v. PATRICIA PROUSIS *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—88—0555

Opinion filed October 27, 1989.—Rehearing denied November 27, 1989.

Nick Athens, of Evanston, appellant *pro se.*

Danae K. Prousis, of Winston & Strawn, of Chicago, for appellees.

PRESIDING JUSTICE EGAN delivered the opinion of the court:

The plaintiff, Nick Athens, brought an action to recover payment from the defendant, Patricia Prousis, for work performed under a written construction contract and for "extras" allegedly provided in addition to, and separate from, the performance covered by the written contract. The defendant denied that the plaintiff completely performed under the contract and further asserted that full payment had been made. The judge ruled in favor of the defendant at the close of the plaintiff's case. The plaintiff appeared *pro se,* as he does in this court.

In March 1971 the defendant, Patricia Prousis, who owned and operated a pharmacy at 30 West Washington, Chicago, Illinois, signed a lease for commercial space at 875 North Michigan Avenue, Chicago,

Illinois (John Hancock Building). The defendant planned to relocate her business in the newly leased space. In February 1971 the defendant had orally agreed with the plaintiff, an architect and contractor, that he would provide the labor and materials necessary to construct the new pharmacy. He was to complete all the work by June 1, 1971, for $6,000.

The work was not completed by June 1, 1971. At the plaintiff's suggestion the parties entered into a written construction contract prepared by the defendant's attorney.

The contract, dated September 11, 1971, provided that the plaintiff agreed to "complete all construction" of a pharmacy at 875 North Michigan Avenue for the "fixed sum of $9,800." The contract set forth eight specific tasks to be included in the agreement: (1) tiling of floors; (2) shelving; (3) clock on east wall; (4) display at column; (5) chair attached to curved counter; (6) painting, except for removable ceiling panels; (7) labor needed for dismantling of shelves and adapting them to new store; and (8) formica tops for counter. The contract also provided that payments made to suppliers and subcontractors were deductible and that $2,894.27 already had been paid on the contract. Finally, the contract stated that "[a]dditional payments shall be as required to complete work, and at least 75% of [the plaintiff's] time and expenses shall be paid by completion of the work, and 100% within 90 days of completion."

■ Before passing on the merits of the case we must first address the defendant's motion to strike the reply brief. The reply brief is in clear violation of Supreme Court Rule 341(e)(7). (107 Ill. 2d R. 341(e)(7).) It consists almost entirely of matters outside the record and unjustified slurs against the defendant's attorney. It does not assist us in any way in resolving the issues. The motion to strike is allowed.

Turning to the merits of the appeal, we are obliged to note that this case presents an involved and confusing record and that unusual procedures were followed. The plaintiff filed his original complaint on September 10, 1981, alleging the performance of construction work of $15,000 in excess of payment. After the defendant filed a motion to dismiss, the plaintiff filed an amended complaint on April 2, 1982, which included a detailed list of "additional items of construction" and alleged that he had "supplied labor and materials for the changes made by the parties to the agreement [in the amount of] $13,300." A copy of the contract was attached to that complaint as "Exhibit A."

On July 22, 1982, the defendant filed an answer to the amended complaint and a counterclaim. A motion to strike and dismiss the defendant's second affirmative defense and her counterclaim appar-

ently was filed on September 1, 1983, by the plaintiff's attorney, who had not yet entered his appearance. Apparently this motion, which does not appear in the record, was never ruled upon.

An attorney, Derek Gilna, appeared for the plaintiff on September 8, 1983, and filed another amended complaint. This "Amended Complaint" set forth two counts: Count I sought foreclosure of a lien filed September 7, 1983, and count II sought payment for "goods and services described in Exhibit 'A.' " Exhibit A was the September 11, 1981, contract. Again the defendant moved to dismiss, and the plaintiff, by his attorney, filed a "Second Amended Complaint" (actually the fourth complaint filed) on November 18, 1983.

On September 18, 1984, Gilna withdrew as the plaintiff's attorney at the plaintiff's request. The plaintiff proceeded thereafter *pro se.*

In response to the fourth complaint, on December 13, 1983, the defendant filed a motion to dismiss, alleging that the plaintiff's lien foreclosure claim failed to comply with the requirements of the Illinois Mechanics' Liens Act (Ill. Rev. Stat. 1981, ch. 82, par. 1 *et seq.*) in that the complaint failed to include an affidavit and was not timely filed. On July 23, 1984, Judge Loren C. Lewis dismissed count I, the lien foreclosure claim of the plaintiff's second amended complaint, as time barred. An order dated August 7, 1986, set a trial date of November 7, 1986, describing the trial date as "final as to both parties and all claims."

On November 5, 1986, Judge John Laurie entered an order (1) granting the defendant's motion for leave to file an answer and affirmative defenses *instanter*; (2) entering the defendant's motions to dismiss and for summary judgment; (3) granting the plaintiff's motion for leave to file an amended complaint within seven days; and (4) deferring other matters raised by the plaintiff to a hearing set for December 3, 1986.

On November 5, 1986, the defendant filed her "Answer to Count II of Second Amended Complaint and Affirmative Defenses." The answer admitted that the plaintiff provided a portion of the construction services for the pharmacy, but otherwise denied the plaintiff's allegations and stood on the provisions of the September 11, 1971, contract. The affirmative defenses alleged full payment and *laches.*

Also on November 5, 1986, the defendant filed a motion for summary judgment on count II of the second amended complaint. The defendant supported her motion with an affidavit stating that she had paid the plaintiff or suppliers and subcontractors $7,638.66 since the date of the contract, which combined with the amount of $2,894.27 prepaid on the contract, was more than enough to satisfy the $9,800

contract price. The defendant also attached copies of her cancelled checks and check register to support her claims. Although no notice of this motion appears in the record, the motion was entered by Judge Laurie's order of November 5, 1986, and set for hearing on December 3, 1986. No hearing was held on December 3, because the case was transferred to the law division on the defendant's motion.

On November 12, 1986, pursuant to Judge Laurie's order of November 5, 1986, the plaintiff filed a five-count "Amended and Supplemental Complaint." Count I alleged a breach of contract, setting forth a detailed list of alleged extras provided by the plaintiff; it referred to the September 11, 1971, contract attached as exhibit A, and sought $18,305. Count II alleged fraud and sought damages of $44,500. Count III was a *quantum meruit* claim, seeking in excess of $44,500. In count IV, the plaintiff sought to recover $3,600 as an additional architectural fee for detailed drawings and supervision of construction. In count V, the plaintiff alleged that the defendant "maliciously, willfully, and wantonly denied the plaintiff the right to photograph his work" and sought $10,000 plus punitive damages and costs.

On December 4, 1986, the defendant filed in the law division a motion to vacate the portion of Judge Laurie's November 5, 1986, order that granted the plaintiff leave to file an amended complaint.

On October 13, 1987, Judge P.A. Sorrentino set the case for the final trial call on January 12, 1988. On January 12, 1988, Judge Lester Foreman assigned the cause to Judge John J. Crown for trial. Judge Crown denied the defendant's motion for a one-week continuance and set the case for trial the following day. When the plaintiff realized that the defendant was not going to appear personally at trial, he orally moved for change of venue for prejudice; Judge Crown denied the motion.

The defendant presented Judge Crown with the motion filed on December 4, 1986, to vacate Judge Laurie's order of November 5, 1986, which had granted the plaintiff leave to file an amended complaint. The defendant's attorney indicated that the motion had not been argued in the intervening 13 months "because this case has been sort of in a state of flux." The motion to vacate Judge Laurie's order was based on allegations concerning pleadings, some of which do not appear in the record or are not properly authenticated. Suffice it to say that the defendant claimed that Judge Laurie abused his discretion in permitting the plaintiff to amend his pleading since another judge had previously denied the plaintiff leave to amend.

Judge Crown allowed the motion to vacate Judge Laurie's order and determined that the case should proceed to trial on count II of the

plaintiff's preceding complaint, entitled "Second Amended Complaint," which was filed on November 3, 1983.

The defendant then raised her motion for summary judgment which was filed November 5, 1986. The court took the motion for summary judgment under advisement.

At the ensuing trial the plaintiff offered the testimony of an expert witness, James Swann, an architect who once visited the defendant's pharmacy for 20 to 30 minutes in 1981, 1982, or 1983. The plaintiff tried to introduce through this witness evidence of the value of improvements made to the pharmacy in 1971 and 1972 based on the witness' single visit to the site. The judge sustained the defendant's objection to the foundation for such testimony. No error is assigned to this ruling.

After the plaintiff was unable to elicit evidence from the witness, the plaintiff moved for a one-day recess, which was denied. The plaintiff then sought to testify himself in a narrative fashion. The judge also denied this request, because the plaintiff had failed to request permission prior to trial to testify in the narrative, and the defendant would not consent to such narrative testimony. This ruling is not assigned as error. After denying another request by the plaintiff for a postponement, the judge instructed the plaintiff to proceed or to rest. The plaintiff responded: "I don't know what to say, your Honor, that's all." The judge then rested for the plaintiff.

■ The plaintiff first contends that the judge erred in granting the defendant's motion to vacate the order allowing the plaintiff to file an amended complaint. Under ordinary circumstances we would hold that the judge erred in allowing the motion to vacate and in striking the amended complaint, but we will not do so here because we do not believe the plaintiff was prejudiced. It is obvious that the defendant did not comply with Rule 2.3 of the Circuit Court of Cook County (Cook Co. Cir. Ct. R. 2.3), which provides as follows:

> "The burden of calling for hearing any motion previously filed is on the party making the motion. If any such motion is not called for hearing within 90 days from the date it is filed, the court may enter an order overruling or denying the motion by reason of the delay."

The excuse given by the defendant's attorney that the case was in "flux" for 13 months is anything but persuasive. Under all the circumstances, the judge should not have considered the motion or he should have denied it. But the plaintiff was not prevented from proving anything under count II of the revived complaint that he could have proved under the stricken count I. Count II of the complaint upon

which trial was heard was in substance the same as count I of the complaint that was stricken. The only difference is that a detailed list of "extras" was attached as an exhibit to the stricken complaint but not attached to the trial complaint. That list constituted a matter of evidence, and the plaintiff could have proved those extras whether or not the exhibit was attached to the complaint.

It is true that the dismissed complaint also included four other counts and the defendant never argued their sufficiency. Those counts alleged, for the first time, fraud and *quantum meruit* claims, each seeking almost four times the original damages, a claim for punitive damages and a claim for fees for drawings and construction supervision. The plaintiff makes no contention here that the dismissal of those counts was error. He tells us that, instead of dismissing the entire complaint, a *"much better move,* which would have achieved what the court apparently favored, would have been to retain the complaint but *dismiss all the counts except Count I."* (Emphasis added.) We conclude, therefore, that since the plaintiff was given an opportunity to prove everything he could have under the stricken complaint, no prejudice occurred.

The next question is whether the trial judge erred in granting the defendant's motion for summary judgment at the close of the plaintiff's case. Again, we note that the defendant ignored Circuit Court Rule 2.3.

The defendant filed her motion for summary judgment on November 5, 1986. At that time, the motion was set for a hearing in the municipal division on December 3, 1986. However, on that date, pursuant to the defendant's motion, the case was transferred from the municipal division to the law division. Thereafter, the record contains no indication that the defendant attempted to reset the motion for hearing. At trial she offered no explanation why the motion had not been set for a hearing during the 13-month period between the transfer of the case to the law division and the scheduled trial date. Thus, the defendant failed to pursue actively a timely hearing on her motion for summary judgment, and the trial judge should have denied the motion. (See *Deaton v. Lloyd's Jewelry Co.* (1972), 7 Ill. App. 3d 926, 289 N.E.2d 123.) But again, we must conclude that the plaintiff did not suffer any prejudice.

The defendant also moved for a finding in her favor at the close of the plaintiff's case; and in our judgment such a finding would have been appropriate under section 2—1110 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1110).

■ Section 2—1110 requires a two-step analysis: First, the trial

court must determine whether the plaintiff has made out a *prima facie* case, that is, has offered some evidence on every element necessary to establish the cause of action. If the plaintiff has failed to make out a *prima facie* case, the defendant is entitled to judgment as a matter of law. Second, if the plaintiff has made out a *prima facie* case, the court must weigh the quality of the evidence as a finder of fact. *Heller v. Jonathan Investments, Inc.* (1986), 113 Ill. 2d 60, 495 N.E.2d 589.

■ It must be borne in mind that the plaintiff did not argue in the trial court, nor does he in this court, that he was not paid as required by the written contract. His claim, rather, is for "extras." This court has set out the required proof in actions for the value of additional goods and services not covered by a written contract in *Wingler v. Niblack* (1978), 58 Ill. App. 3d 287, 289, 374 N.E.2d 252, 253:

> "[A] contractor seeking to recover for extras must establish by clear and convincing evidence: (1) that the extras were outside the scope of his original contractual promises; (2) that the owner requested the extras; (3) that the owner, by words or conduct, agreed to pay extra; (4) that the contractor did not voluntarily proceed with the extra work; and (5) that the extras were not necessitated by reason of some default by the contractor."

■ It is apparent that the plaintiff failed to establish by clear and convincing evidence the elements of a *prima facie* case for extras. For all practical purposes the plaintiff presented no evidence at all. The only witness who testified, James Swann, established nothing more than what he observed in a 20- to 30-minute visit to the defendant's pharmacy several years after the work had been completed. The rulings limiting the plaintiff's proof are not questioned here. Therefore, we must take the record as it is and not as it might have been. The plaintiff, as a *pro se* appellant, is bound by the rules to the same extent as any other litigant represented by counsel, in the trial court as well as in this court. (See *Kielminski v. St. Anthony's Hospital* (1979), 68 Ill. App. 3d 407, 386 N.E.2d 326.) We conclude, therefore, that the judge should have allowed the defendant's motion for judgment at the close of the plaintiff's case and that granting the same relief under the designation of summary judgment was harmless error.

For these reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

McNAMARA and LaPORTA, JJ., concur.