DONALD L. RAPPEPORT, Plaintiff-Appellant, v. WILLIAM MELTZER, Defendant-Appellee.

First District (1st Division)   No. 1—88—2263

Opinion filed December 31, 1990.

Law Offices of Beryl A. Birndorf, of Chicago (Robert M. Birndorf, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (William J. Rogers and Sharon R. Gromer, of counsel), for appellee.

JUSTICE MANNING delivered the opinion of the court:

Plaintiff, Donald L. Rappeport, appeals from the entry of summary judgment (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005) granted by the circuit court of Cook County in favor of the defendant, Dr. William Meltzer. The following issues were raised on appeal: (1) whether the trial court erroneously considered and granted the defendant's renewed motion for summary judgment; and (2) whether the trial court abused its discretion in permitting the late filing of a reply memorandum.

The record in this case reveals that in December 1980, plaintiff, an avid golfer, began experiencing pain and discomfort in the area of his right elbow. He initially consulted his family physician, Dr. Zimmering, who advised him that he had "tendinitis" and that his arm should be rested. On February 11, 1981, plaintiff consulted Dr. William Meltzer, a specialist in orthopedic medicine and surgery, regarding his injury. At that time, Dr. Meltzer diagnosed the plaintiff as suffering from tendinitis of the right medial region with possible ulnar nerve pressure. Thereafter, he instructed the plaintiff to warm up his elbow before golf, apply ice afterwards, and live with the pain. Plaintiff returned to Dr. Zimmering, his family physician, in March 1981, who recommended against surgery. In April and June 1981, plaintiff consulted Dr. Theodore Fox, who recommended that plaintiff rest his arm and informed plaintiff that surgery may be required if the elbow did not heal naturally.

On July 1, 1981, plaintiff consulted Dr. Carlos Scuderi who also diagnosed his discomfort as "tendinitis," recommended rest and advised against surgery. Later that same day, plaintiff again consulted Dr. Meltzer, who recommended surgery. Plaintiff maintains that it was during this consultation that Dr. Meltzer advised him that he had a "ruptured tendon" and the only cure for his injury was surgery. Plaintiff also contends that Dr. Meltzer assured him that the arm would be stronger after surgery and that he would enjoy playing golf within six weeks of surgery without pain or discomfort.

During Dr. Meltzer's deposition, he testified that he had advised plaintiff of the surgery, post-operative course, and possible residual symptoms. This advice was also reflected in plaintiff's medical records.

Dr. Meltzer further testified that plaintiff did not pay him any additional compensation beyond the normal charge for the surgical procedure.

Plaintiff testified that Dr. Meltzer did not explain the risks or residual symptoms associated with the surgery, which was elective rather than mandatory. Plaintiff then consulted Dr. Samuel Willens, who advised against surgery. Plaintiff, however, again contacted Dr. Meltzer and informed him that he wanted to proceed with the surgery based on Dr. Meltzer's representations that surgery was the only cure for the injury.

On July 21, 1981, plaintiff was admitted to Skokie Valley Hospital for surgery. Upon admission, he signed a consent form which stated that "I acknowledge that no guarantees or assurances have been made to me concerning the results of the above operation ***." Plaintiff contends that he did not read the consent form prior to signing it. The surgery was performed by Dr. Meltzer later that day.

Plaintiff asserts that instead of removing the pain in his right arm, the pain was aggravated by the surgery. Later he consulted two physicians in anticipation of a malpractice action. They both, however, advised plaintiff's counsel that no malpractice had been committed. Notwithstanding, on July 20, 1983, plaintiff filed a two-count complaint against Dr. Meltzer alleging a breach of contract in count I, wherein Dr. Meltzer entered into an oral contract to cure plaintiff's elbow but failed to do so, and count II alleged that Dr. Meltzer orally warranted that surgery would cure the injury. On January 3, 1984, Dr. Meltzer filed an answer denying the material allegations, and on July 3, 1985, he filed his initial motion for summary judgment. On December 12, 1985, Judge Thomas O'Brien denied this summary judgment motion, "without prejudice to Dr. Meltzer's right to file an amended motion for summary judgment as to the issue of consent." An amended motion for summary judgment on the issue of consent was not filed. Instead, on May 3, 1988, after the case had been assigned to a trial judge for immediate trial, Dr. Meltzer presented his renewed motion for summary judgment to Judge Orlando, who recused himself from the case since Dr. Meltzer had treated some members of Judge Orlando's family. On May 24, 1988, the case was assigned to Judge Dore; and on that same date, Judge Dore granted defendant leave to file the renewed motion for summary judgment *instanter* and denied plaintiff's motion to strike the pleading for lack of proper notice since the renewed motion had been presented when the case was assigned for trial.

Additionally, on May 24, 1988, the trial court set a briefing schedule for the renewed motion, allowing plaintiff until June 7, 1988, to respond to the renewed motion. On June 7, 1988, plaintiff filed his response to

the renewed motion for summary judgment. Defendant was given until June 14, 1988, to reply to plaintiff's response, and the matter was set for hearing on June 27, 1988. The defendant submitted the reply to both Judge Dore and plaintiff's counsel on June 22, 1988, and explained to Judge Dore by letter the reason for the late filing. Plaintiff moved to strike the reply memorandum which was denied by Judge Dore on June 27, 1988. Judge Dore also determined that defendant's explanation for the lateness of the reply memorandum was sufficient and granted Dr. Meltzer's renewed motion for summary judgment.

Plaintiff initially argues that the trial court erroneously granted the defendant leave to file the renewed motion and erroneously denied plaintiff's motion to strike the pleading since: (1) both parties appeared before the trial court on May 3, 1988, and responded that they were ready for trial; and (2) the renewed motion was tendered to the trial judge and a copy given to plaintiff's counsel without prior notice of motion. Plaintiff further argues that defendant's renewed motion was untimely in that the original motion for summary judgment was fully briefed and denied on its merits in December 1985, and defendant had over 2½ years to submit an amended motion on the issue of consent but failed to do so.

■ It should be noted that in the present case both parties responded that they were ready for trial on May 3, 1988, when the case was set as a "must go" case. However, Judge Orlando recused himself from the case at that time. The case was continued and set for trial for May 24, 1988, and defendant's motion was made *instanter* just prior to trial. We have previously held that the filing of a motion for summary judgment immediately preceding a trial should be discouraged. *Scoby v. Vulcan-Hart Corp.* (1989), 188 Ill. App. 3d 89, 94, 544 N.E.2d 106, citing *Herman v. Swisher* (1983), 115 Ill. App. 3d 179, 450 N.E.2d 28.

■ The purpose of summary judgment is to determine whether an issue of fact exists, not to try an issue of fact. (*Piquette v. Midtown Anesthesia Associates* (1989), 192 Ill. App. 3d 219, 222-23, 548 N.E.2d 659.) Summary judgment should be granted if the pleadings, affidavits, and depositions on file reveal that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).

■ ■ The initial issue that we must address is whether a circuit court is required to follow its own rule pertaining to notice before a party is required to go to hearing on a motion for summary judgment. Illinois statutes provide that "[a] defendant may, at any time, move with or without supporting affidavits for a summary judgment in his or her favor as to all or any part of the relief sought against him or her." (Ill.

Rev. Stat. 1987, ch. 110, par. 2—1005(b).) Circuit court rules must be consistent with our State statutes, and the rules "may not abrogate, limit or modify existing law." (*People v. Sims* (1988), 165 Ill. App. 3d 204, 207, 518 N.E.2d 730.) Moreover, a trial court must follow its own notice rules when those rules do not conflict with a statute or supreme court rule. (*Scoby,* 188 Ill. App. 3d at 94.) The granting of summary judgment is precluded where the party who moves for summary judgment fails to comply with the statutes or court rules relating to summary judgment. *Deaton v. Lloyd's Jewelry Co.* (1972), 7 Ill. App. 3d 926, 929, 289 N.E.2d 123.

In *Scoby,* we held that reversible error occurred where the circuit court refused to follow its own 10-day notice requirement for summary judgment. Also, in *Deaton* we held that the circuit court of Cook County properly denied plaintiff's motion for summary judgment where the record revealed that plaintiff failed to meet the 10-day notice requirement for a summary judgment motion. Furthermore, our supreme court held in the case of *In re Estate of Young* (1953), 414 Ill. 525, 535, 112 N.E.2d 113, that an order of the probate court in Cook County was void and of no effect because the court entered the order without the proper notice as required by the rules of the probate court. Our supreme court further held that the rules "[have] the force of a statute and [are] binding upon the parties, as well as the court." *Young,* 414 Ill. at 535.

■ Rule 2.1(e) of the circuit court of Cook County (Cook Co. Cir. Ct. R.2.1(e)) expressly provides that: "A motion for summary judgment shall not be heard until ten (10) days after service of the notice of motion under Supreme Court Rule 11." Defendant contends that Rule 2.1(e) was complied with since the plaintiff had received notice of the motion more than 10 days from the date it was heard, and he was provided with a reasonable time to respond. We agree. Plaintiff's counsel received actual notice of the renewed motion for summary judgment on May 3, 1988, when he was given a copy of the renewed motion just prior to Judge Orlando's recusal of himself from the case. Moreover, during the May 24, 1988, proceedings Judge Dore granted defendant leave to file the renewed motion *instanter* and allowed plaintiff until June 7, 1988, to file a response to the renewed motion. Defendant was given until June 14, 1988, to reply to plaintiff's response and the renewed motion was not actually heard until June 27, 1988. Almost two months had elapsed between May 3, 1988, when plaintiff was given notice of the renewed motion and June 27, 1988, when the renewed motion was actually heard. Thus, we conclude that plaintiff's argument is without merit since Rule 2.1(e) provides that plaintiff is entitled to receive notice of a motion for summary judgment 10 days before the motion is heard (Cook

Co. Cir. Ct. R. 2.1(e)) and was complied with in the instant case.

■■ ■ Notwithstanding our conclusion that Rule 2.1(e) was complied with, we agree with plaintiff's argument that the renewed motion for summary judgment was untimely and should have been denied because defendant lacked due diligence in presenting the renewed motion. We have previously held that the trial judge should deny a motion for summary judgment where the defendant failed to actively pursue a timely hearing on the motion for summary judgment. (*Athens v. Prousis* (1989), 190 Ill. App. 3d 349, 355, 546 N.E.2d 695; see also *Deaton*, 7 Ill. App. 3d 926.) In *Athens*, we held that the trial judge should have denied a motion for summary judgment for failure to actively pursue a timely hearing on the motion where the defendant failed to offer a persuasive explanation as to the reason the motion had not been scheduled for a hearing during a 13-month period between the transfer of the case from the municipal division to the law division.

In the present case, defendant's original motion for summary judgment was denied by Judge O'Brien on December 12, 1985, without prejudice to allow Dr. Meltzer to file an amended motion for summary judgment as to the issue of consent. Defendant's renewed motion was not presented until May 3, 1988. On May 24, 1988, Judge Dore granted defendant leave to file the renewed motion *instanter* and it was filed on that date. The record does not reflect that the trial court was provided with an explanation as to why the renewed motion had not been presented and set for a hearing during the years since the original motion for summary judgment was denied. As we concluded in *Athens*, the trial judge in the present case should have also denied defendant's renewed motion for failure to actively pursue a timely hearing on the renewed motion. In light of our decisions on this issue, it is not necessary for us to pass upon the other issue raised by the parties.

Accordingly, the judgment of the circuit court of Cook County granting summary judgment is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

BUCKLEY, P.J., and O'CONNOR, J., concur.